UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS DANIEL GOMEZ-GOMEZ,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-05324-DAD-JDP (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*, GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL AND FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On July 10, 2026, petitioner Carlos Daniel Gomez-Gomez filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed motions for temporary restraining order (Doc. No. 2), to proceed *in forma pauperis* (Doc. No. 3),[1] and to appoint counsel (Doc. No. 4). Petitioner alleges in his verified habeas petition that he was arrested by ICE without a written warrant, reasonable cause, or a pre-deprivation hearing before a neutral adjudicator. (Doc. No. 1 at 2.)

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a) and is therefore granted.

On July 13, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) In addition, respondent was directed to state any opposition it had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in respondent's opposition. (*Id.*)

On July 14, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) Therein, respondent states that petitioner is a lawful permanent resident, was recently convicted of a crime, was detained by ICE on or about June 3, 2026, and is detained pursuant to § 1226(a). (*Id.* at 2.) Respondent requests that the court resolve the underlying habeas petition on the current briefing and without a hearing, and the court will do so. (*Id.* at 4.)

Respondent admits that petitioner is detained pursuant to § 1226(a), and yet "there is no evidence in the record that petitioner was arrested pursuant to a warrant as required by § 1226(a)." *A.E.R.T. v. Wofford*, No. 1:25-cv-01824-KES-SKO (HC), 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025); *see also id.* at *2 n.1 (collecting cases holding that a noncitizen may not be detained pursuant to 8 U.S.C. § 1226(a) where arrested in the absence of a warrant). Accordingly, "[p]etitioner's immediate release is the appropriate remedy." *Id.*

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Carlos Daniel Gomez-Gomez, A-File No. 208-197-125, from respondent's custody;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden of demonstrating that

petitioner poses a flight risk or danger to the community by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;
3. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is GRANTED;
4. Petitioner's motion to appoint counsel (Doc. No. 4) is DENIED as also having been rendered moot by this order granting him habeas relief;
5. The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and
3. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 15, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE